**The STATE of Texas, Appellant,**

**v.**

**Ardian [1] McCALL, Appellee.**

**No. 04–95–00703–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 30, 1996.

---

**1.** Appellee's name appears at various points in our record as Adyran, Adiran, Adrian, Ardian, and Adryan. We will refer to him as "Ardian," as that is the name that appears on the order from which this appeal is taken.

Brenda Levenstein, Assistant Criminal District Attorney, San Antonio, for appellant.

Cornelius N. Cox, Law Offices of Cornelius N. Cox, San Antonio, for appellee.

Before RICKHOFF, STONE and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

Appellee was charged with the misdemeanor offense of unlawfully carrying a weapon. The trial court granted his motion to suppress and the State appealed. We reverse and remand.

The only testimony presented at the suppression hearing was given by Emmanuel Fultz, a deputy sheriff. Fultz testified that he was a member of a gang task force and, on the day in question, had been assigned to try to prevent a possible retaliation shooting at a club called Prime Time. He was not given any specific information such as a vehicle or suspect description. Fultz parked his patrol car across the street from the club and, at approximately 2:00 a.m., saw a car with tinted windows enter the club's parking lot and drive slowly around the lot as if the occupants were looking for someone. The officer was concerned that there might be weapons in the car. He also noticed that the car did not have a rear license plate light. He testified that the failure to have such a light is a traffic violation.

Fultz radioed for assistance as he drove across the street and behind the car which he had been observing. He pulled the car over and asked the driver for his license and proof of insurance. He testified that he then saw that a rear-seat passenger was holding a semi-automatic handgun in his hand. Fultz did not mention this gun in his report. Fultz continued to talk to the driver while he waited for his back-up to arrive. When assistance did arrive, he ordered the driver and the front seat passenger (appellee) out of the car. He frisked them and moved them to the back of the car. When Fultz asked the driver whether there were any drugs or weapons in the car, the driver responded only that there were no drugs. The driver then said that he needed to return to the car to get his insurance card but Fultz would not let him go because he knew at that point there was at least one weapon in the car.

When the other two passengers were ordered to leave the car, Fultz saw one of them reach back in and cover a weapon with a tee-shirt. All four of the car's occupants were then handcuffed and placed on the ground. Fultz searched the car and found one weapon in the back seat area and two weapons in the front.

After hearing the evidence, the trial court specifically stated that it did not believe Fultz's testimony that he saw the rear-seat passenger with a gun. It did find, however, that Fultz stopped the car because of the traffic violation he had observed. The court then granted appellee's motion to suppress because it found that the stop was based on a pretext rather than on probable cause.

In its first point of error, the State contends that the trial court erred in granting the motion to suppress because probable cause existed to support the stop and the subsequent search was justified as a protective search. In its second point of error, the State contends that probable cause existed to support the stop and the search was justified as a search incident to arrest. The first issue we must address is whether the trial court properly held that the stop was an invalid pretext stop.

A pretext stop is an objectively valid stop for an allegedly improper reason. *Garcia v. State,* 827 S.W.2d 937, 939 (Tex.Crim. App.1992).

> In other words, a pretext arrest occurs when an individual is validly stopped or arrested for one offense only because law enforcement officials desire to investigate that individual for a different offense—i.e., an offense for which they do not have valid legal grounds to stop or arrest.

*Id.* at 939–40.

The Court of Criminal Appeals has rejected the pretext stop doctrine under both federal and state constitutions. *See Crittenden v. State,* 899 S.W.2d 668 (Tex.Crim.App. 1995) (state constitution); *Garcia v. State,*

827 S.W.2d 937 (Tex.Crim.App.1992) (federal constitution). In addressing a claim under the Texas Constitution, it held that "an objectively valid traffic stop is not unlawful under Article I, § 9 just because the detaining officer had some ulterior motive for making it." *Crittenden*, 899 S.W.2d at 674. In addressing a claim under the Fourth Amendment, the court held that "the validity of an arrest or stop should be determined solely by analyzing objectively the facts surrounding the event." *Garcia*, 827 S.W.2d at 943. Further, the United States Supreme Court has recently held that the constitutional reasonableness of a traffic stop does not depend on the actual motivation of the individual officers involved. *See Whren v. United States*, — U.S. —, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

*Whren*, supra, is a critical case in the balance that society strikes in the war against crime and citizen's rights under the Fourth Amendment. In that case the probable cause was that a car stopped too long at a stop sign (more than 20 seconds), and then turned without signalling. The police caught them at the next stoplight and found drugs. The defendants challenged the legality of the stop and resulting seizure of the drugs. They argued that these traffic violations were so minor that no reasonable police officer would have made the stop for the reason given. They pointed out that the "use of automobiles is so heavily and minutely regulated that total compliance with traffic and safety rules is nearly impossible." *Id.* at —, 116 S.Ct. at 1773. The result of this, they said, was that officers could use pretext stops at will and thus abrogate the Fourth Amendment. They argued that to avoid this danger, stops should be measured by whether "a police officer, acting reasonably, *would have* (emphasis supplied) made the stop for the reason given." *Id.* at —, 116 S.Ct. at 1773.

The Supreme Court rejected this argument. Instead they approved the Court of Appeals District of Columbia standard. This said the test was *"could have"* made the stop. *Id.* at —, 116 S.Ct. at 1772. This would seem to include any traffic violation stop as long as a regulation was being violated and an officer "could have" made the stop, regardless of the motivation.

"We think these cases foreclose any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved."

*Id.* at —, 116 S.Ct. at 1774.

*Whren* was just decided June 10, 1996. The trial court made his decision in September, 1995, so he did not have the benefit of *Whren*. Nevertheless *Whren* now controls.

■ Failure to have a light that illuminates the rear license plate is a traffic violation. Tex. Transp. Code Ann. § 547.322(f) (Vernon Pamphlet 1996) (requirement of illuminated rear license plate); Tex. Transp. Code Ann. § 542.301(a) (Vernon Pamphlet 1996) (failure to comply is an offense). Clearly, the trial court erred in granting the motion to suppress based on the pretext stop doctrine. Having observed the car without a license plate light, Officer Fultz had probable cause to believe that the driver of the car was committing a traffic offense. This was a sufficient objective reason to permit him to stop the car, regardless of whether he subjectively believed that the occupants of the car might be engaged in other illicit activity.

■ Having ascertained that the car was properly stopped, we must now determine whether the subsequent search of the car was constitutionally permissible. The State first argues that Fultz was justified in conducting a protective search after he saw the backseat passenger holding a handgun. *See Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480–81, 77 L.Ed.2d 1201 (1983) (protective search based on reasonable belief of danger supported by specific and articulable facts); *Goodwin v. State*, 799 S.W.2d 719, 728 (Tex.Crim.App.1990) (same), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991). The trial court, however, specifically stated that it did not believe that the officer saw the passenger holding a gun. The court, sitting as sole trier of fact, was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App.1987);

*Limuel v. State,* 568 S.W.2d 309, 311 (Tex. Crim.App.1978). We are bound by the trial court's assessment of credibility and must assume, for purposes of our analysis, that the officer did not see a weapon in the car prior to his search. Point of error one, which is specifically dependent on a finding that the officer saw the passenger holding a gun, is overruled.

In its second point of error, the State asserts that the search was proper as a search incident to arrest. Once an officer has established probable cause for an arrest, the officer may conduct a "continued and more extensive search of the passenger compartment" of the suspect's car. *See Goodwin v. State,* 799 S.W.2d at 728 (search of car after suspect is subject to arrest); *Flores v. State,* 895 S.W.2d 435, 444–45 (Tex.App.—San Antonio 1995, no pet.) (search of person and area within immediate control, including interior of car).

An officer is authorized to arrest persons found committing traffic violations other than speeding. *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon Pamphlet 1996) (general authorization to arrest); TEX. TRANSP. CODE ANN. § 543.004 (Vernon Pamphlet 1996) (exception for speeding offense). Thus, once Officer Fultz saw the car being operated without an illuminated rear license plate, he was authorized to arrest the driver. Once probable cause to arrest was established, the officer was entitled to search not only the driver, but the interior of his car.

In conclusion, the officer had probable cause to stop the car and to arrest the driver because he observed a traffic violation other than speeding. The search of the interior of the car was permissible as a search incident to arrest. The trial court erred in granting appellee's motion to suppress. Point of error two is sustained.

The order of the trial court granting appellee's motion to suppress is reversed and this cause is remanded to the trial court for further proceedings.