NO. 12-04-00032-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ANDRA PARKER,                                              §                APPEAL FROM THE 7TH
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                              
MEMORANDUM OPINION
            Appellant Andra Parker appeals his conviction for possession of marijuana. Pursuant to a plea
bargain, the trial court sentenced Appellant to nine years of imprisonment. In two issues, Appellant
contends the trial court erred in failing to grant his motion to suppress evidence. We affirm.
 
Background
            Trooper Grady Clark, an officer with the Texas Department of Public Safety, testified at the
hearing on Appellant’s motion to suppress. In the early morning hours of January 16, 2003, he was
working patrol on Interstate 20 in Smith County. As Appellant’s vehicle passed him, Officer Clark
noticed that the license plate light on the rear plate was not illuminated, a statutory violation. He
stopped the vehicle for that violation. When he approached the car, he smelled a strong odor of
marijuana coming from the vehicle. Appellant was the driver and his co-defendant, Kenneth Ealey,
was the passenger. Both seemed nervous and avoided eye contact. Clark called for backup. He found
nothing on either defendant when he patted them down. Just as he started to search the vehicle,
Appellant became extremely agitated and said he did not give permission for a search. Appellant then
told Ealey to “do what you have to do.” Ealey grabbed a white shopping sack from the car and fled. 
Clark called for more officers to assist. Those officers found Ealey and returned him to the scene of
the stop. The sack contained marijuana. Both Appellant and Ealey were arrested for possession of
marijuana.
            Officer Clark’s vehicle is equipped with a video and audio recorder. The State offered the
videotape of the stop into evidence. Clark testified that, due to the quality of the tape, it is impossible
to tell whether the light over the plate was inoperable. He also explained that, as a test, he turned his
headlights off so the camera could record the fact that the plate light was not working. But, again, due
to the quality of the tape, it was impossible to tell.
            The trial court did not view the tape at that time. It took the case under advisement and later
denied the motion without making findings of fact.
 
Motion to Suppress
            In two issues, Appellant contends the trial court erred in failing to suppress the marijuana
found because it was obtained as a result of an illegal search and seizure in violation of his rights
under the Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas
Constitution. Specifically, Appellant argues that the videotape of the stop indicates that the license
plate light was in operation. He contends that the stop was a pretext, without probable cause, and in
violation of his rights.
Applicable Law
            In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). Accordingly, the judge may believe or disbelieve all or any part of a
witness’s testimony, even if that testimony is not controverted. Id. When the trial court fails to file
findings of fact, we view the evidence in the light most favorable to the trial court’s ruling and assume
that the trial court made implicit findings of fact that support its ruling as long as those findings are
supported by the record. Id. A fact finder’s decision should not be overturned if there is evidence
that could support its finding. We must defer to the trial court’s factual determinations. Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
            A traffic violation committed in an officer’s presence authorizes an initial stop. Armitage v.
State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). Under the Texas Transportation Code, the rear
license plate of a vehicle shall be illuminated by a white light so it is clearly legible from a distance
of at least fifty feet. Tex. Transp. Code Ann. § 547.322(f) (Vernon 1999). A violation of this
statute constitutes a traffic violation. State v. McCall, 929 S.W.2d 601, 603 (Tex. App.–San Antonio
1996, no pet.). An objectively valid traffic stop is not unlawful under the Fourth Amendment to the
United States Constitution or Article I, Section 9 of the Texas Constitution just because the detaining
officer had some ulterior motive for making it. Crittenden v. State, 899 S.W.2d 668, 674 (Tex. Crim.
App. 1995); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).
Discussion
            Officer Clark testified that he stopped Appellant’s car because the rear license plate was not
illuminated as required by statute. His testimony was not contradicted. The trial court is the judge
of the witness’s credibility. Ross, 32 S.W3d at 855. If believed, Clark’s testimony is sufficient to
show the officer had a reasonable basis for making the stop. Armitage, 637 S.W.2d at 939. Although
Appellant asserts the videotape shows the light on the license plate was illuminated, we disagree. The
quality of the tape makes it impossible to determine if the blurry area where the license plate is located
is illuminated by its own light or merely reflecting the squad car’s headlights. The trial court did not
file findings of fact. Viewing the evidence in the light most favorable to the trial court’s ruling, we
conclude the trial court did not abuse its discretion in denying Appellant’s motion to suppress. See
Ross, 32 S.W.3d at 855; Guzman, 955 S.W.2d at 89. We overrule Appellant’s issues one and two.
 
Disposition
            We affirm the trial court’s judgment.
 
                                                                                                   JAMES T. WORTHEN 
                                                                                                               Chief Justice
Opinion delivered February 10, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)