NO. 07-02-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2005

_____

JOSE REY VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4433; HONORABLE DAVID M. McCOY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Jose Rey Vasquez was convicted by a jury of driving while intoxicated and punishment was assessed at ten years confinement and a $2,000 fine. By his first two points of error, appellant contends the evidence is legally and factually insufficient to support his conviction. By his third and fourth contentions, he

maintains the trial court erred in denying his motion to suppress the audio and videotape and breath test results in violation of his Fifth and Fourteenth Amendment rights against self-incrimination because he was interrogated prior to being given his *Miranda*[1] warnings. He further argues the trial court's ruling violated his rights under article 38.22 of the Texas Code of Criminal Procedure and article I, sections 10 and 19 of the Texas Constitution. By points five and six, appellant asserts his right to be free from unreasonable search and seizure under the Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution was violated when the trial court denied the motion to suppress the audio and videotape and breath test results which were obtained without a warrant after he was stopped and detained without reasonable suspicion. By his final contention, appellant maintains the trial court erred in failing to submit his requested charge regarding the voluntariness of his custodial statements. We affirm.

On the night of November 11, 2001, after Trooper Clay Shelton and his partner Jodie Tullos had completed a motorist assist call on a highway, Tullos noticed appellant drive by in a car that did not appear to have the rear license plate lamp illuminated. Shelton decided to stop appellant for the traffic violation. After approaching the driver's side of appellant's car, he noticed an open beer can in the front seat within reach. He directed appellant to exit the car to determine if he was able to drive. He also detected an odor of

---

[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

alcohol and asked appellant how much alcohol he had consumed to which appellant responded one beer.

A variety of field sobriety tests were administered on the scene which appellant did not satisfactorily complete.  This lead Shelton to believe appellant had consumed more than one beer and again asked him how much he had consumed.  Appellant admitted drinking three beers.  Results from a portable breath test showed appellant was legally intoxicated and he was arrested for driving while intoxicated and transported to the county jail.  He then voluntarily gave two breath samples for an intoxilizer test; the results were 0.134 and 0.131.

By his first two points of error, appellant contends the evidence is insufficient to support his conviction.  Because the sufficiency of the evidence turns upon the propriety of the trial court's ruling on the motion to suppress, we initially address appellant's third, fourth, fifth, and sixth points, by which he contends the trial court erred in denying his motion to suppress the audio and videotape of the stop and the breath test results in violation of his right against self-incrimination and his right to be free from unreasonable searches and seizures.  He bases his contentions on the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, article I, sections 9, 10, and 19 of the Texas Constitution, and article 38.22, section 3(a) of the Texas Code of Criminal Procedure.

The standard of review for the trial court's ruling on a motion to suppress is abuse of discretion.  *See* Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999).   In a

3

suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.Cr.App. 2000). Thus, the trial court is entitled to believe any or all of a witness's testimony. *Id.* The evidence should be viewed in the light most favorable to the trial court's ruling. *See* State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). Moreover, we should afford almost total deference to the trial court's determination of historical facts that the record supports, especially when the fact findings are based upon an evaluation of the witness's credibility and demeanor. *Ross*, 32 S.W.3d at 856 (*citing* Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997)).

By his motion to suppress, appellant challenged the lawfulness of the stop and the evidence admitted resulting from the stop. Relying on Jordy v. State, 969 S.W.2d 528 (Tex.App.–Fort Worth 1998, no pet.), he argues on appeal that he was in custody during the stop and that any statements made without first being given his constitutional and statutory warnings should have been suppressed. He further asserts he was harmed by the admission of the evidence. We disagree.

The State had the burden at the suppression hearing to show Shelton had at least a reasonable suspicion that appellant had either committed an offense or was about to do so before he made the stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Cr.App. 1986). That determination is based upon the totality of the circumstances, and there is no

requirement that a particular statute be violated to give rise to reasonable suspicion. Texas Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284 (Tex.App.–San Antonio 1999, no pet.).

An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person stopped has been or is involved in criminal activity. United States v. Cortez, 449 U.S. 411, 421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *Cortez*, 449 U.S. at 421-22. The standard used to measure the conduct of police under the Texas Constitution is, like its federal counterpart, an objective one. Crittenden v. State, 899 S.W.2d 668, 673-74 (Tex.Cr.App. 1995).

At the hearing on the motion to suppress, Shelton testified that when he observed appellant's car, he believed the rear license plate light was not operational.[2] Failure to have a light that illuminates the rear license plate for a distance of 50 feet is a traffic violation. *See* Tex. Trans. Code Ann. §§ 542.301(a) & 547.322(f) (Vernon 1999); State v. McCall, 929 S.W.2d 601, 603 (Tex.App.–San Antonio 1996, no pet.). Thus, under the circumstances presented at the precise moment Shelton observed appellant's car, he had,

---

[2]Evidence was later presented showing that the bulb was, in fact, operational; however, the shroud around the license plate was "aged and opaque" and did not illuminate the license plate for 50 feet.

5

not only reasonable suspicion, but also, probable cause to believe he was witnessing a violation of the law. Foster v. State, 814 S.W.2d 874, 878 (Tex.App.–Beaumont 1991, pet. ref'd). The State need not establish with absolute certainty that a violation occurred in order to show reasonable suspicion. Garcia v. State, 43 S.W.3d 527, 530 (Tex.Cr.App. 2001). Based on the totality of the circumstances, Shelton's specific, articulable facts, in light of his experience and personal knowledge, together with inferences from those facts, were sufficient to support the trial court's ruling that the stop was justified. Singleton v. State, 91 S.W.3d 342, 347-48 (Tex.App.–Texarkana 2002, no pet.).

Appellant further argues he was in custody when he was detained. The Court of Criminal Appeals has determined that a traffic stop does not constitute "custody" for purposes of *Miranda*. State v. Stevenson, 958 S.W.2d 824, 828 (Tex.Cr.App. 1997), (*citing* Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. Cannon v. State, 691 S.W.2d 664, 671 (Tex.Cr.App. 1985) (*citing* Miranda v Arizona, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966)). In determining whether an individual is in custody, the court must examine all of the circumstances surrounding the interrogation, but "the ultimate inquiry is simply whether there was a formal arrest or restraint of movement of the degree associated with formal arrest." California v. Behler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275, 1279 (1983).

6

The Court of Criminal Appeals has outlined some general situations that may constitute custody, including the following: (1) when the suspect is physically deprived of his or her freedom of action in any significant way; (2) when a law enforcement officer tells the suspect he or she cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe his or her freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect he or she is free to leave. Dowthitt v. State, 931 S.W.2d 244, 255 (Tex.Cr.App. 1996). In short, we must look at the totality of the circumstances and determine whether appellant's freedom of movement was restrained to a degree associated with a formal arrest. *See* Rathbun v. State, 96 S.W.3d 563, 566 (Tex.App.–Texarkana 2002, no pet.).

The fact that appellant became the focus of a criminal investigation after failing sobriety tests does not escalate roadside questioning into "custody" for *Miranda* purposes. *Berkemer*, 468 U.S. at 441-42; *Stevenson*, 958 S.W.2d at 829. Questions by Shelton concerning how much appellant had been drinking and appellant's responses did not convert the roadside stop into an arrest. *Stevenson*, 958 S.W.2d at 829.

We have not overlooked appellant's reliance on *Jordy*, 969 S.W.2d at 532. While driving intoxicated, Jordy caused an automobile accident in the presence of witnesses and sped away. *Id.* at 530. After his car came to a stop, he exited and proceeded unsteadily on foot. A police officer near the scene of the accident believed him to be the suspect from

7

the hit and run and observed that he was intoxicated. *Id.* Jordy's response to the officer's question of how much he had been drinking was found to be the result of custodial interrogation which should have been suppressed. *Id*. The situation in *Jordy* is distinguishable as it was not a typical roadside stop for a traffic violation that resulted in a DWI investigation as in the present case.

Appellant also challenges the admission of the videotape of the stop. A videotape, however, is not testimonial in nature and does not offend the privilege against self-incrimination under the Fifth Amendment or the Texas Constitution. Miffleton v. State, 777 S.W.2d 76, 80 (Tex.Cr.App. 1989) (en banc); Stephenson v. State, 781 S.W.2d 735, 736 (Tex.App.–Fort Worth 1989, pet. ref'd). We conclude appellant was not in custody and thus, the trial court did not err in denying his motion to suppress.

Appellant also argues the trial court erroneously failed to suppress the results of the intoxilizer. The record establishes that appellant voluntarily gave two breath samples at the county jail which showed him to be legally intoxicated. While Tullos was testifying regarding the intoxilizer results, defense counsel objected that no predicate had been laid for the calibration and proper functioning of the machine. The trial court sustained the objection. However, while a forensic chemist for the Texas Department of Public Safety was testifying on the maintenance of the intoxilizer, the breath tests results were admitted into evidence with defense counsel noting, "[n]o objection."

8

A complaint on appeal regarding the admission of evidence is waived when no objection is made to the same or similar evidence admitted at another point in trial. Massey v. State, 933 S.W.2d 141, 149 (Tex.Cr.App. 1996). *See also* Tex. R. App. P. 33.1(a). Additionally, appellant's objection that no predicate had been laid for the operation of the intoxilizer does not comport with his complaint here that the results should have been suppressed for violating his right against self-incrimination and his right to be free from unreasonable search and seizure. *See* Goff v. State, 537, 551 (Tex.Cr.App. 1996); Thomas v. State, 723 S.W.2d 696, 700 (Tex.Cr.App. 1986). Thus, the trial court did not err in overruling appellant's motion to suppress nor in failing to exclude the audio and videotape of the stop and the intoxilizer results. Issues three, four, five, and six are overruled.

By his first and second points of error, appellant claims there is no evidence and factually insufficient evidence to support his conviction.[3] We disagree. In conducting a factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting

---

[3]By his second point, appellant contends there is no evidence to support his conviction; however, by his argument and the legal authorities cited, he only raises factual insufficiency. Thus, we only review his factual sufficiency contention. *See* Tex. R. App. P. 38.1(h).

9

complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). Intoxicated means not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body or having an alcohol concentration of 0.08 or more. § 49.01(2).

The State established that appellant was driving on a public highway when he was stopped for a traffic violation. Both troopers testified they detected an odor of alcohol on appellant's breath and Shelton observed an open beer can in the front seat of the car. Tullos testified he noticed an open case of beer in the back seat. Shelton described each of the sobriety tests administered and appellant's failure to satisfactorily perform them. The videotape demonstrates that appellant was unable to follow Shelton's directions during the

10

tests as well as being unable to accomplish them. Numerous clues were displayed during the tests indicating appellant was intoxicated. Additionally, the portable breath test result showed appellant's blood alcohol concentration was above the legal limit of 0.08, and the intoxilizer results likewise confirmed he was legally intoxicated. After reviewing all the record evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our own judgment, we conclude the evidence is factually sufficient to support appellant's conviction. Points one and two are overruled.

By his final point, appellant contends the trial court committed reversible error by failing to submit his requested charge as to the voluntariness of his statements. We disagree.

During the charge conference, defense counsel requested an instruction for inclusion in the charge regarding the voluntariness of appellant's statements, which the trial court denied, but included as an exhibit for purposes of appeal. Article 38.23(a) of the Texas Code of Criminal Procedure provides that an instruction be included in the jury charge only if there is a factual dispute as to how the evidence was obtained. *See* Balentine v. State, 71 S.W.3d 763, 773 (Tex.Cr.App. 2002); Thomas v. State, 723 S.W.2d 696, 707 (Tex.Cr.App. 1986). The charge provided in part:

> if you find from the evidence that . . . Trooper Clay Shelton did not have a reasonable suspicion to believe that the defendant, Jose Rey Vasquez, was operating a motor vehicle without a rear license plate light immediately preceeding [sic] the defendant's stop and detention . . . you will disregard any and all evidence obtained as a result of the defendant's arrest by the officer

11

and you will not consider such evidence for any purpose whatsoever. Further, since you will have no further evidence to consider, you shall return a verdict of "Not Guilty."

Whether the rear license plate light of appellant's car was illuminated was the only factual dispute regarding the stop. Having previously concluded that appellant was not in custody and therefore not entitled to *Miranda* and statutory warnings when he made his statements, no additional instruction was required in the charge regarding them. Point of error seven is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

Johnson, C.J., not participating.