NO. 07-07-0032-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 11, 2007


 ______________________________



IN THE INTEREST OF K.C.B., A CHILD


_________________________________



FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;



NO. 6951; HONORABLE DAVID MCCOY, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

OPINION


 This is an accelerated appeal of a trial court's order terminating the parental rights
between appellant, Angela Melton Brown, and K.C.B., her infant daughter. Appellant
asserts error in a number of particulars; however, for the reasons set forth below, we
affirm.

Procedural and Factual Background


 Appellee, the Texas Department of Protective and Regulatory Services
(Department) took custody of K.C.B. on December 9, 2004. On March 21, 2006, Associate
Judge Phil N. Vanderpool tried the lawsuit. Judge Vanderpool entered an order of
termination of appellant's parental rights on March 31, 2006. On April 3, 2006, appellant
filed a Notice of Appeal To Referring Court. Subsequently, on April 19, 2006, appellant
filed a Statement of Points Of Error To Be Relied On By Appellant On Appeal. Then on
May 2, 2006, a trial de novo was conducted by the referring court. The referring court, the
trial court below, signed its Order of Termination on December 18, 2006, and the
termination order was filed of record on December 21, 2006. Appellant filed a notice of
appeal to this court on January 2, 2007. No motion for new trial or Statement of Points Of
Error To Be Relied On By Appellant On Appeal was filed before the referring court. 
Appellant has set forth ten points of error that may be grouped into complaints about the
denial of a jury trial, the referring court's use of the record from the associate judge's trial,
the admission of the meconium drug test, the factual sufficiency of the evidence and the
legal sufficiency of the evidence. 

Analysis


 However, before we may address any of the contentions of appellant, we must
determine if they are properly before this court. This appeal is governed by the rules of the
Supreme Court regarding accelerated appeals and the procedures set forth in Subchapter
E of Chapter 263 of the Texas Family Code. Tex. Fam. Code Ann. § 263.405(a) (Vernon
Supp. 2006). (1) The Department was named as the managing conservator of K.C.B. in the
trial court's final order. As such, this order is an order pursuant to Subchapter E, Chapter
263. Accordingly, any appeal of this final order must comply with the terms of Chapter 263. 
Chapter 263 requires that a statement of points on which the party intends to appeal be
filed with the trial court not later than the 15th day after the trial court enters the final order. 
§ 263.405(b). The statement may be combined with a motion for new trial. Id. Finally, the
statute provides that the appellate court may not consider any issues not contained within
the referenced statement of points or in conjunction with the motion for new trial. §
263.405(i). 

 Applying this statutory scheme to the current situation results in the inability of this
court to consider any of the issues raised by appellant. The only statement of points for
consideration on appeal was filed, not after the final order was entered but rather, after the
associate judge's order was entered. Subsequently, appellant requested and received a
trial de novo by the referring court. The final order was then entered by the referring court
on December 21, 2006. There was never a statement of points to be relied upon on
appeal filed after the referring court's final order. Therefore, we may not consider any of
appellant's issues on appeal. In re R.M.R., 218 S.W.3d 863, 864 (Tex.App.-Corpus Christi
2007, no pet.). For us to consider the points raised by appellant in the April 19, 2006,
Statement of Points would require that we significantly deviate from the current statute. 
We are not free to do so. See In re R.C., No. 07-06-0444-CV, 2007 WL 1219046, at *1
n.8 (Tex.App.-Amarillo April 25, 2007, no pet.), citing Turner v. Cross, 83 Tex. 218, 18
S.W. 578, 579 (1892). 

 We again join our sister appellate courts in pointing out the harshness of this
procedure. It has once again denied a parent a meaningful right of appeal and needs to
be addressed by the legislature. 

 For the foregoing reasons the judgment of the trial court is affirmed. 


 Mackey K. Hancock

 Justice



1. Further reference to the Texas Family Code will be by reference to § ___.


, 89 (Tex.Cr.App. 1997)).

 By his motion to suppress, appellant challenged the lawfulness of the stop and the
evidence admitted resulting from the stop. Relying on Jordy v. State, 969 S.W.2d 528
(Tex.App.-Fort Worth 1998, no pet.), he argues on appeal that he was in custody during
the stop and that any statements made without first being given his constitutional and
statutory warnings should have been suppressed. He further asserts he was harmed by
the admission of the evidence. We disagree.

 The State had the burden at the suppression hearing to show Shelton had at least
a reasonable suspicion that appellant had either committed an offense or was about to do
so before he made the stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Cr.App. 1986). 
That determination is based upon the totality of the circumstances, and there is no
requirement that a particular statute be violated to give rise to reasonable suspicion. Texas
Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284 (Tex.App.-San Antonio 1999, no pet.). 

 An investigatory stop of a vehicle or person by the police does not violate the Fourth
Amendment if articulable facts support a reasonable suspicion that the vehicle or person
stopped has been or is involved in criminal activity. United States v. Cortez, 449 U.S. 411,
421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a
reasonable person in the position of the officer making the stop, with the training and
experience of the officer, and with the knowledge possessed by the officer, could suspect
that the vehicle or person stopped has been or is connected to criminal activity. Cortez,
449 U.S. at 421-22. The standard used to measure the conduct of police under the Texas
Constitution is, like its federal counterpart, an objective one. Crittenden v. State, 899
S.W.2d 668, 673-74 (Tex.Cr.App. 1995).

 At the hearing on the motion to suppress, Shelton testified that when he observed
appellant's car, he believed the rear license plate light was not operational. (2) Failure to have
a light that illuminates the rear license plate for a distance of 50 feet is a traffic violation. 
See Tex. Trans. Code Ann. §§ 542.301(a) & 547.322(f) (Vernon 1999); State v. McCall,
929 S.W.2d 601, 603 (Tex.App.-San Antonio 1996, no pet.). Thus, under the
circumstances presented at the precise moment Shelton observed appellant's car, he had,
not only reasonable suspicion, but also, probable cause to believe he was witnessing a
violation of the law. Foster v. State, 814 S.W.2d 874, 878 (Tex.App.-Beaumont 1991, pet.
ref'd). The State need not establish with absolute certainty that a violation occurred in
order to show reasonable suspicion. Garcia v. State, 43 S.W.3d 527, 530 (Tex.Cr.App.
2001). Based on the totality of the circumstances, Shelton's specific, articulable facts, in
light of his experience and personal knowledge, together with inferences from those facts,
were sufficient to support the trial court's ruling that the stop was justified. Singleton v.
State, 91 S.W.3d 342, 347-48 (Tex.App.-Texarkana 2002, no pet.). 

 Appellant further argues he was in custody when he was detained. The Court of
Criminal Appeals has determined that a traffic stop does not constitute "custody" for
purposes of Miranda. State v. Stevenson, 958 S.W.2d 824, 828 (Tex.Cr.App. 1997), (citing
Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). 
Custodial interrogation is questioning initiated by law enforcement officers after a person
has been taken into custody or otherwise deprived of his freedom in any significant way. 
Cannon v. State, 691 S.W.2d 664, 671 (Tex.Cr.App. 1985) (citing Miranda v Arizona, 384
U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966)). In determining whether an individual is
in custody, the court must examine all of the circumstances surrounding the interrogation,
but "the ultimate inquiry is simply whether there was a formal arrest or restraint of
movement of the degree associated with formal arrest." California v. Behler, 463 U.S.
1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275, 1279 (1983).

 The Court of Criminal Appeals has outlined some general situations that may
constitute custody, including the following: (1) when the suspect is physically deprived of
his or her freedom of action in any significant way; (2) when a law enforcement officer tells
the suspect he or she cannot leave; (3) when law enforcement officers create a situation
that would lead a reasonable person to believe his or her freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and law enforcement
officers do not tell the suspect he or she is free to leave. Dowthitt v. State, 931 S.W.2d
244, 255 (Tex.Cr.App. 1996). In short, we must look at the totality of the circumstances
and determine whether appellant's freedom of movement was restrained to a degree
associated with a formal arrest. See Rathbun v. State, 96 S.W.3d 563, 566
(Tex.App.-Texarkana 2002, no pet.).

 The fact that appellant became the focus of a criminal investigation after failing
sobriety tests does not escalate roadside questioning into "custody" for Miranda purposes. 
Berkemer, 468 U.S. at 441-42; Stevenson, 958 S.W.2d at 829. Questions by Shelton
concerning how much appellant had been drinking and appellant's responses did not
convert the roadside stop into an arrest. Stevenson, 958 S.W.2d at 829.

 We have not overlooked appellant's reliance on Jordy, 969 S.W.2d at 532. While
driving intoxicated, Jordy caused an automobile accident in the presence of witnesses and
sped away. Id. at 530. After his car came to a stop, he exited and proceeded unsteadily
on foot. A police officer near the scene of the accident believed him to be the suspect from
the hit and run and observed that he was intoxicated. Id. Jordy's response to the officer's
question of how much he had been drinking was found to be the result of custodial
interrogation which should have been suppressed. Id. The situation in Jordy is
distinguishable as it was not a typical roadside stop for a traffic violation that resulted in a
DWI investigation as in the present case.

 Appellant also challenges the admission of the videotape of the stop. A videotape,
however, is not testimonial in nature and does not offend the privilege against self-incrimination under the Fifth Amendment or the Texas Constitution. Miffleton v. State, 777
S.W.2d 76, 80 (Tex.Cr.App. 1989) (en banc); Stephenson v. State, 781 S.W.2d 735, 736
(Tex.App.-Fort Worth 1989, pet. ref'd). We conclude appellant was not in custody and
thus, the trial court did not err in denying his motion to suppress. 

 Appellant also argues the trial court erroneously failed to suppress the results of the
intoxilizer. The record establishes that appellant voluntarily gave two breath samples at the
county jail which showed him to be legally intoxicated. While Tullos was testifying
regarding the intoxilizer results, defense counsel objected that no predicate had been laid
for the calibration and proper functioning of the machine. The trial court sustained the
objection. However, while a forensic chemist for the Texas Department of Public Safety
was testifying on the maintenance of the intoxilizer, the breath tests results were admitted
into evidence with defense counsel noting, "[n]o objection."

 A complaint on appeal regarding the admission of evidence is waived when no
objection is made to the same or similar evidence admitted at another point in trial. Massey
v. State, 933 S.W.2d 141, 149 (Tex.Cr.App. 1996). See also Tex. R. App. P. 33.1(a). 
Additionally, appellant's objection that no predicate had been laid for the operation of the
intoxilizer does not comport with his complaint here that the results should have been
suppressed for violating his right against self-incrimination and his right to be free from
unreasonable search and seizure. See Goff v. State, 537, 551 (Tex.Cr.App. 1996);
Thomas v. State, 723 S.W.2d 696, 700 (Tex.Cr.App. 1986). Thus, the trial court did not err
in overruling appellant's motion to suppress nor in failing to exclude the audio and
videotape of the stop and the intoxilizer results. Issues three, four, five, and six are
overruled.

 By his first and second points of error, appellant claims there is no evidence and
factually insufficient evidence to support his conviction. (3) We disagree. In conducting a
factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the fact finder's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting
complete civil factual sufficiency formulation); see also King v. State, 29 S.W.3d 556, 563
(Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a
manifest injustice has occurred. Johnson, 23 S.W.3d at 12. In conducting this analysis,
we may disagree with the jury's determination, even if probative evidence supports the
verdict, but must avoid substituting our judgment for that of the fact finder. See Santellan
v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State,
958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 A person commits the offense of driving while intoxicated if he is intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon
2003). Intoxicated means not having the normal use of mental or physical faculties by
reason of the introduction of alcohol . . . into the body or having an alcohol concentration
of 0.08 or more. § 49.01(2).

 The State established that appellant was driving on a public highway when he was
stopped for a traffic violation. Both troopers testified they detected an odor of alcohol on
appellant's breath and Shelton observed an open beer can in the front seat of the car. 
Tullos testified he noticed an open case of beer in the back seat. Shelton described each
of the sobriety tests administered and appellant's failure to satisfactorily perform them. The
videotape demonstrates that appellant was unable to follow Shelton's directions during the
tests as well as being unable to accomplish them. Numerous clues were displayed during
the tests indicating appellant was intoxicated. Additionally, the portable breath test result
showed appellant's blood alcohol concentration was above the legal limit of 0.08, and the
intoxilizer results likewise confirmed he was legally intoxicated. After reviewing all the
record evidence under Johnson, 23 S.W.3d at 11, and without substituting our own
judgment, we conclude the evidence is factually sufficient to support appellant's conviction. 
Points one and two are overruled.

 By his final point, appellant contends the trial court committed reversible error by
failing to submit his requested charge as to the voluntariness of his statements. We
disagree.

 During the charge conference, defense counsel requested an instruction for
inclusion in the charge regarding the voluntariness of appellant's statements, which the trial
court denied, but included as an exhibit for purposes of appeal. Article 38.23(a) of the
Texas Code of Criminal Procedure provides that an instruction be included in the jury
charge only if there is a factual dispute as to how the evidence was obtained. See 
Balentine v. State, 71 S.W.3d 763, 773 (Tex.Cr.App. 2002); Thomas v. State, 723 S.W.2d
696, 707 (Tex.Cr.App. 1986). The charge provided in part:

 if you find from the evidence that . . . Trooper Clay Shelton did not have a
reasonable suspicion to believe that the defendant, Jose Rey Vasquez, was
operating a motor vehicle without a rear license plate light immediately
preceeding [sic] the defendant's stop and detention . . . you will disregard any
and all evidence obtained as a result of the defendant's arrest by the officer
and you will not consider such evidence for any purpose whatsoever. 
Further, since you will have no further evidence to consider, you shall return
a verdict of "Not Guilty." 


 Whether the rear license plate light of appellant's car was illuminated was the only
factual dispute regarding the stop. Having previously concluded that appellant was not in
custody and therefore not entitled to Miranda and statutory warnings when he made his
statements, no additional instruction was required in the charge regarding them. Point of
error seven is overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 Per Curiam


Do not publish. 

 

Johnson, C.J., not participating.
1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
2. Evidence was later presented showing that the bulb was, in fact, operational;
however, the shroud around the license plate was "aged and opaque" and did not illuminate
the license plate for 50 feet. 
3. By his second point, appellant contends there is no evidence to support his
conviction; however, by his argument and the legal authorities cited, he only raises factual
insufficiency. Thus, we only review his factual sufficiency contention. See Tex. R. App. P.
38.1(h).