**Marlos STOKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–04–00062–CR.**

Court of Appeals of Texas, Tyler.

Aug. 3, 2005.

Clement Dunn, for appellant.

Michael Sandlin, for The State of Texas.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

### MEMORANDUM OPINION

JAMES T. WORTHEN, Chief Justice.

Appellant Marlos Stoker was convicted of possession of a controlled substance and was sentenced to eight years of imprisonment and assessed a $5,000.00 fine. In two issues, he contends that the trial court erred by overruling his motion to suppress. We affirm.

#### BACKGROUND

On August 7, 2003, Appellant was indicted for possessing a controlled substance, namely cocaine, "in an amount of one (1) gram or more but less than four (4) grams,

including any adulterants and dilutants." On November 11, Appellant filed a "Motion to Suppress Physical Evidence (Search Without a Warrant)," contending that the evidence seized on May 5 was obtained as a result of a "warrantless stop and/or search" of Appellant "without probable cause and without adequate reasonable suspicion" in violation of Appellant's constitutional rights under the 1) Fourth and Fourteenth Amendments to the United States Constitution, 2) Article I, Section 9 of the Texas Constitution, and 3) Article 38.23 of the Texas Code of Criminal Procedure. Appellant further argued that the evidence should be excluded because the search

> was not the result of voluntary consent by the Defendant or of valid, voluntary consent by a person with authority to give consent to search the person and/or automobile. Further, said detention and search exceeded the scope of the consent, if any. The search also exceeded any scope reasonably related to the object of the search. The detention was prolonged beyond any reasonable time that could be justified. The detention and frisk were unreasonable; any request or command by law enforcement for the suspect to remove items from his pocket was unreasonable....

Appellant waived his right to a trial by jury on January 20, 2004. On January 26, Appellant pleaded "not guilty" to the offense charged and his case proceeded to trial without a jury. Ricardo Fabbiani, a Trooper with the Texas Department of Public Safety, testified that on May 5, 2003, he was working a routine patrol on Interstate 20. The portion of the interstate where Fabbiani was working was a

construction zone, and he had received multiple complaints of people traveling at high rates of speed through the zone.

Fabbiani stated that although he "wasn't able to get him on radar," he noticed that Appellant was "traveling at a high rate of speed." According to Fabbiani, Appellant was "right up on another car," so he stopped Appellant for following too closely. The speed limit in the construction zone was 60 miles per hour, and Fabbiani thought that Appellant was driving his car over that limit. Fabbiani also testified that "following too closely" was a violation of section 545.062 of the Texas Transportation Code.[1] In Fabbiani's opinion, Appellant would not have been able to safely stop his vehicle without colliding with the vehicle he was traveling behind if that vehicle had stopped or slowed down.

After he stopped Appellant and approached his vehicle, Fabbiani noticed that Appellant was "very nervous, very shaky" because his hands were trembling. When he asked Appellant about where he was going, Appellant stated that he had been visiting his girlfriend and that she was going to school; however, Appellant could not remember what kind of school she attended or the name of the school. Appellant was also talking on his cell phone "the majority of the time," and in Fabbiani's experience, people that deal with drugs "try to distance themselves by being on the phone so [Fabbiani] won't ask that many questions."

Fabbiani asked Appellant to step out of his vehicle and walk to the back of the vehicle. He informed Appellant why he was being stopped and that he would be

---

1. Section 545.062(a) of the Texas Transportation Code states that a driver shall, if following another vehicle, keep an assured clear distance between the two so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the driver can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway. TEX. TRANSP. CODE ANN. § 545.062 (Vernon 1999).

receiving a warning for "following too closely." Fabbiani then received a "return" on Appellant's driver's license that showed Appellant had previous drug charges on his record. Fabbiani then asked Appellant for his consent to search the vehicle, and Appellant gave him the consent to search.

When Appellant gave Fabbiani the consent to search the vehicle, Fabbiani asked him if he had any weapons or drugs on his person. Appellant stated that he did not, and Fabbiani started "patting him around, walking around him, and checking his pockets." Fabbiani testified that once he receives consent to search a person's vehicle, it is "normal course" to "pat down" a person "for [his] safety to make sure the suspect doesn't do anything to harm [him] possibly while [he is] in the vehicle checking it out." Fabbiani was also concerned for his safety because of Appellant's nervousness, previous criminal history, and his own belief that something illegal might be on Appellant's person or in his vehicle.

As Fabbiani conducted his "pat-down" search of Appellant, he felt something hard in his front left pocket that felt like a box. Appellant told Fabbiani that the box contained his cigarettes, but Fabbiani was concerned about the contents of the box because he had found a small knife inside a cigarette box during a previous unrelated search. Appellant set the cigarette box on the hood of Fabbiani's car, and Fabbiani looked inside the cigarette box in order to make sure that it did not contain a weapon. When he looked in the box, Fabbiani found five crack rocks and a small brown vial that was later identified as PCP.

On cross-examination, Fabbiani stated twice that his basis for stopping Appellant was for the traffic offense of "following too closely." He further explained that section 545.062 gives an officer the discretion to determine whether a vehicle is following too closely to another vehicle. In his opinion, Appellant's vehicle was following too closely to the vehicle in front of Appellant's, because if the vehicle in front of Appellant's had to "lock up the brakes for whatever reason," Appellant's vehicle would have rear-ended the other vehicle.

When asked if he could have merely squeezed the cigarette box to determine its contents while in Appellant's pocket, Fabbiani stated that such a maneuver was possible, but if a razor blade was present, he would have sliced his finger.

At the conclusion of the trial, and before closing arguments, Appellant argued that his motion to suppress the cocaine seized by Fabbiani should be granted because 1) the criteria for the reason Appellant was stopped, "following too closely," could not be articulated and was "not a sufficient objective basis for the stop," thereby rendering section 545.062 of the Texas Transportation Code an unconstitutional basis for the stop and 2) Fabbiani's search of Appellant's cigarette pack was unreasonable. The trial court subsequently overruled Appellant's motion to suppress, and after closing arguments, found Appellant guilty of the offense of possession of cocaine.

On February 3, the trial court held a hearing to determine Appellant's punishment. After hearing arguments from counsel, the trial court sentenced Appellant to eight years of imprisonment and assessed a $5,000.00 fine. Appellant timely filed a notice of appeal.

In two issues, Appellant contends that the trial court erred by overruling his motion to suppress. The State argues that the trial court properly overruled the motion.

### DID THE TRIAL COURT ERR BY OVERRULING THE MOTION TO SUPPRESS?

In his first issue, Appellant argues that his motion to suppress should have been

granted because the initial stop was invalid due to the fact that 1) section 545.062 of the Texas Transportation Code is not specific enough to define prohibited conduct, thus rendering it unconstitutional under the United States Constitution, and 2) Fabbiani failed to articulate objective facts showing how Appellant violated the statute. Appellant also argues that the seizure of the cigarette pack was unreasonable. The State argues that Appellant did not properly preserve this argument.[2] Alternatively, the State contends that 1) section 545.062 provides proper notice of an offense and 2) Appellant was also stopped for speeding.

### Standard of Review

■■■ A bifurcated standard of review is applied to a trial court's ruling on a motion to suppress evidence. An appellate court gives almost total deference to a trial court's determination of historical facts and reviews de novo a trial court's application of the law to those facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). A trial court is the sole trier of fact, the judge of witness credibility, and the determiner of the weight given to witness testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000). When a trial court rules on a motion to suppress evidence, its application of the law of search and seizure, namely, the determinations of reasonable suspicion and probable cause, are reviewed de novo. *Walter v. State*, 28 S.W.3d 538, 540 (Tex.Crim.App. 2000); *Guzman*, 955 S.W.2d at 87.

■■■ Although we review the issue of reasonable suspicion de novo, the ruling on a motion to suppress lies within the sound discretion of the trial court. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). At the suppression hearing, the trial court observes the testimony and is in a better position than the appellate court to judge the credibility of the witnesses. *Id.* Therefore, we do not engage in our own factual review. Instead, we view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling and sustain the ruling if it is sufficiently supported by the evidence and is correct on any theory of law applicable to the case. *Id.*

### Constitutionality of Section 545.062 of the Texas Transportation Code

■■■ Appellant argues that section 545.062 is not specific enough to provide notice of the conduct it prohibits. A statute is void for vagueness if it does not give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). A party challenging a statute's constitutionality bears the burden of establishing its unconstitutionality. *Baker v. Carr*, 369 U.S. 186, 266, 82 S.Ct. 691, 737, 7 L.Ed.2d 663 (1962); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). To successfully mount such a challenge requires a party to establish that there is no set of circumstances under which the act would be valid. *Briggs v. State*, 789 S.W.2d 918, 923 (Tex.Crim.App.1990). Section 545.062(a) of the Texas Transportation Code provides as follows:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop with-

**2.** Appellant properly preserved his "void for vagueness" argument by raising it in his motion to suppress and during the argument portion of the hearing on the motion. *See* Tex.R.App. P. 33.1; *Wright v. State*, 28 S.W.3d 526, 536 (Tex.Crim.App.2000).

out colliding with the preceding vehicle or veering into another vehicle, object, or person on the highway.

TEX. TRANSP. CODE ANN. § 545.062(a) (Vernon 1999).

Although Appellant argues that there are no circumstances under which the statute would be valid, his argument is without merit. Appellant has not established that a person of reasonable intelligence is not given fair notice of the statute's requirements. Compliance with the statute requires only one thing: to maintain an assured clear distance while following another vehicle in order to safely stop and avoid a collision with the preceding vehicle. Thus, section 545.062 is not unconstitutionally vague. *See United States v. Inocencio*, 40 F.3d 716, 728 (5th Cir. 1994) (holding that section 61(a) of Article 6701(d) of the Texas Revised Civil Statutes, the predecessor to section 545.062, was not unconstitutionally vague); *Ford v. State*, 158 S.W.3d 488, 494 (Tex.Crim.App. 2005) (holding that a stop based on section 545.062 must be based on specific, articulable facts for reasonable suspicion). Appellant's first sub-issue is overruled.

### Reasonable Suspicion for the Stop

Appellant further argues that the traffic stop was unconstitutional because Fabbiani failed to articulate objective facts showing how he violated section 545.062 by "following too closely." It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Crim.App.1982). A violation of section 545.062 constitutes a traffic violation. *Ford*, 158 S.W.3d at 493.

The court of criminal appeals recently addressed this issue in the *Ford* case, where Ford was stopped by a Texas Department of Public Safety Trooper for following another car too closely in violation of section 545.062. *Id.* at 490. When Ford

lowered his window, the trooper noticed a strong odor of marijuana. Ford later consented to a search of his vehicle, which yielded 55 grams of marijuana and 400 grams of codeine. *Id.* at 491. Ford was subsequently indicted for felony possession of codeine.

Prior to trial, Ford filed a motion to suppress evidence, challenging the trooper's reasonable suspicion for the initial detention. The only evidence to support the trooper's reasonable suspicion that Ford had committed a traffic violation was his testimony that he had pulled Ford over for "following too close." No other testimony regarding Ford's driving was offered. *Id.* The trial judge denied Ford's motion to suppress, and Ford pleaded guilty to a reduced second-degree felony possession of a controlled substance charge. Ford subsequently appealed the trial court's denial of his motion to suppress. *Id.*

On appeal, the court of appeals overruled Ford's issues regarding the motion to suppress and found that the trial court did not err by denying the motion to suppress. The court stated that based on the trooper's training and experience, he was qualified to make a judgment on whether Ford had violated section 545.062 by following another vehicle too closely. *Id.* at 491–92. Ford appealed this decision to the court of criminal appeals.

The court of criminal appeals first noted that an officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Id.* at 492. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity.

*Id.* (citing *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App.2001)).

The court analyzed the trooper's testimony and stated that the phrase "following too close," without more, was merely "a conclusory statement that Ford was violating a traffic law." *Id.* at 493. Because the record failed to reveal any objective, specific, articulable facts, the court held that the trial court erred in denying Ford's motion to suppress. *Id.* at 493–94.

In the instant case, Fabbiani stated that Appellant was "traveling at a high rate of speed" and was "right up on another car," so he stopped Appellant for following too closely. The speed limit in the construction zone was 60 miles per hour, and Fabbiani thought that Appellant was driving his car over that limit. Fabbiani further testified that in his opinion, Appellant would not have been able to safely stop his vehicle without colliding with the vehicle he was traveling behind if that vehicle had stopped or slowed down. The facts elicited during the hearing on the motion to suppress are more than the mere "following too close" testimony in *Ford.* Because Fabbiani testified that he saw Appellant's vehicle "right up on another" vehicle while "traveling at a high rate of speed" such that Appellant would not have been able to safely stop his vehicle, we hold that the trooper gave specific, articulable facts to support the reasonable suspicion that Appellant had committed a traffic violation. Appellant's second sub-issue is overruled.

### Seizure of the Cigarette Pack

■ In his second and final issue, Appellant contends that Fabbiani's seizure of the cigarette pack that contained the contraband was unreasonable. The State urges that Appellant's argument is meritless because the search was reasonable.

■ It is undisputed that Fabbiani performed a pat-down search on Appellant. The purpose of a pat-down search is officer safety. *O'Hara v. State,* 27 S.W.3d 548, 555 (Tex.Crim.App.2000). A pat-down search is substantially less intrusive than a standard search requiring probable cause. *Id.* at 550–51. Such searches will be justified only where the officer can point to specific and articulable facts that reasonably lead him to conclude that the suspect might possess a weapon. *See Carmouche v. State,* 10 S.W.3d 323, 329 (Tex.Crim. App.2000). Fabbiani testified that once he receives consent to search a person's vehicle, it is "normal course" to "pat down" a person "for [his] safety to make sure the suspect doesn't do anything to harm [him] possibly while [he is] in the vehicle checking it out." Fabbiani was also concerned for his safety because of Appellant's nervousness, previous criminal history, and his own belief that something illegal might be on Appellant's person or in his vehicle. Fabbiani was concerned about the contents of the cigarette box because he had found a small knife inside a cigarette box during a previous unrelated search. Appellant set the cigarette box on the hood of Fabbiani's car, and Fabbiani looked inside the cigarette box in order to make sure that it did not contain a weapon.

■ Given these facts, we hold that Fabbiani was justified in performing a pat-down search of Appellant for weapons during the investigative detention. The same is true for the search of the cigarette box. Once an officer conducting a pat-down search satisfies himself that a suspect has no weapons, and the officer has no valid reason to further invade the suspect's personal security, then the corollary must be true also that until the officer is satisfied the suspect has no weapons, he may continue the search. *See Worthey v. State,* 805 S.W.2d 435, 438–39 (Tex.Crim.App. 1991). Fabbiani was justified in looking in the cigarette box in order to determine

whether it contained a knife or other weapon before he searched Appellant's car. Appellant's second issue is overruled.

### CONCLUSION

Appellant has not directed us to anything in the record to demonstrate that section 545.062 of the Texas Transportation Code is unconstitutional under either the United States or Texas constitutions because it is "void for vagueness." We also hold that Fabbiani was justified in 1) detaining Appellant after observing him violate section 545.062 and 2) searching the cigarette pack for any possible knives, blades, or other weapons.

The judgment of the trial court is *affirmed.*