# NO. 12-12-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***THE STATE OF TEXAS,*** *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| ***SPENCER EUGENE STOKES, JR.,*** *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State appeals the trial court's order granting Appellee Spencer Eugene Stokes, Jr.'s motion to suppress. The State raises one issue on appeal. We affirm.

## BACKGROUND

Appellee was charged by indictment with the second degree felony offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams.[1] Appellee filed a motion to suppress, alleging violations of the U.S. Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. The trial court conducted a hearing on Appellee's motion during which the State introduced testimony from the arresting officer. Ultimately, the trial court granted Appellee's motion to suppress. Neither party requested findings of fact or conclusions of law from the trial court. The State appealed.[2]

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6); 481.112(d) (West 2010).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2012).

The State argues that the trial court erred in granting Appellee's motion to suppress because the officer had probable cause to search the vehicle and a warrant was not necessary.

**<u>Standard of Review</u>**

The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony when entertaining a motion to suppress. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Consequently, in reviewing a motion to suppress evidence, we apply a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). First, we give almost total deference to a trial court's determination of the historical facts that the record supports, and second, we review de novo the trial court's application of the law to the facts, when those rulings do not turn on an evaluation of credibility and demeanor. *See Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013).

The critical factor on review is whether the resolution of the substantive question turns on an evaluation of credibility and demeanor. *Id.* at 547. If the resolution of the question does not turn on the evaluation of credibility and demeanor, de novo review is appropriate. *Id.*; *see also State v. Duran*, 396 S.W.3d 563, 570-71 (Tex. Crim. App. 2013) (holding that appellate courts review "indisputable visual evidence" de novo but defer to trial judge's factual finding of whether witness actually saw what was depicted in "indisputable visual evidence"). The fact that credibility and demeanor are important factors in the trial court's assessment does not always mean that the question turns on an evaluation of credibility and demeanor. *Abney*, 394 S.W.3d at 547. A question turns on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Duran*, 396 S.W.3d at 573.

We will affirm a trial court's ruling on a motion to suppress if that ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 571; *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011); *Stoker v. State*, 170 S.W.3d 807, 811 (Tex. App.—Tyler 2005, no pet.). This is because "[t]he winning side is afforded the 'strongest legitimate view of the evidence' as well as all reasonable inferences that can be derived from it." *Duran*, 396 S.W.3d at 571; *see also State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim.

App. 2006) (if party with burden "loses in the trial court and the trial court makes no explicit fact findings, then this party should usually lose on appeal").

We presume the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to its ruling when the trial court grants a motion to suppress, explicit findings of fact and conclusions of law are not requested, and the trial court makes no express findings or conclusions on its own volition. *See State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). Accordingly, when the record reveals there is "uncontradicted testimony" that would have supported admission of the evidence if believed, we must presume the trial court disbelieved the "uncontradicted testimony." *See id.*

## Applicable Law

The issue of whether reasonable suspicion exists is a mixed question of law and fact that must be determined after considering the totality of the circumstances. *See Kerwick*, 393 S.W.3d at 273-74. When police conduct a warrantless search and seizure, the burden is on the state to prove that the search or seizure was prompted by reasonable suspicion that an individual was violating the law. *Abney*, 394 S.W.3d at 547; *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *See Stoker*, 170 S.W.3d at 812. The state is not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress. *Fernandez v. State*, 306 S.W.3d 354, 357 (Tex. App.—Fort Worth 2010, no pet.).

The transportation code requires the use of turn signals to indicate an operator's intent to turn, change lanes, or start from a parked position. *See* TEX. TRANSP. CODE ANN. § 545.104 (West 2011). Unlike the prohibition against following a vehicle too closely, failing to use a turn signal does not involve a subjective determination. *See Castro*, 227 S.W.3d at 742 (comparing *Ford v. State*, 158 S.W.3d 488, 483 (Tex. Crim. App. 2005)). Thus, the trial court need not be presented with a detailed account of the officer's observations in determining whether the officer's belief that a traffic violation occurred was objectively reasonable as they relate to offenses involving a failure to signal. *Castro*, 227 S.W.3d at 742.

## Discussion

Deputy Joseph Durr, a narcotics patrol deputy for the Henderson County Sheriff's Office,

3

was the State's only witness at the hearing on Appellee's motion to suppress. Although Durr's interaction with Appellee was recorded, the recording was never introduced into evidence.

Deputy Durr testified that on March 23, 2011, from the rear view mirror of his patrol car he observed a black pickup truck turn into the back entrance of a residence in Henderson County. Durr testified that "it was definitely dark" that night, and the vehicle turned without signaling. Deputy Durr turned his patrol car around and drove to the driveway where Appellee had parked the truck in order to conduct a traffic stop. He parked his patrol car behind the truck, approached Appellee, who had exited the vehicle, and advised him that he was being stopped for failing to signal his turn. Durr testified that Appellee admitted to not signaling when turning into the driveway. According to the deputy, Appellee also told him that the turn signals were defective and that the truck belonged to a friend.

When Deputy Durr approached the vehicle, he noticed that the truck's license plate was altered. He testified that it looked as if a marker had been used to make the letter "T" appear as an "I." Durr testified that when he ran the license plate, he learned that it was registered to a different vehicle. Upon checking the truck's registration and inspection stickers, Deputy Durr learned that they too had been removed from other vehicles and placed on the truck. Durr testified that when he was near the driver's side door, he noticed that the radio was missing and that the steering column had been tampered with. After he was arrested, Appellee told Deputy Durr that he uses a screwdriver to crank the truck. Even though there were no reports, Durr testified that he believed the truck was stolen.

Deputy Durr arrested Appellee for "false, fictitious license plate, altering the license plate." He also asked for consent to search the truck. Appellee denied consent, contending that the truck was not his. Nevertheless, Durr searched the truck without obtaining a warrant. Durr justified the warrantless search by testifying that (1) the location where Appellant was stopped was a known drug area, (2) he had had prior interaction with Appellee, (3) he had heard Appellee had a reputation for being a drug dealer, and (4) he saw a digital scale in plain view located between the driver and passenger seats inside the truck.

Deputy Durr testified that he found a clear plastic bag containing methamphetamine underneath a leather jacket when he searched the truck. In addition to the methamphetamine, he found a second digital scale in the truck's glove box. The State introduced photographs of the

4

interior of the vehicle with no objection. The photographs indisputably show the interior of a dirty pickup truck with wiring in the floorboard, a steering column with no plastic housing, and a missing radio. What appears to be a leather jacket is between the driver and passenger seats along with what appear to be a red cardboard box and a black bag. The final photograph shows the collected inspection and registration stickers and the bag of methamphetamine.

There is no evidence in the record to corroborate or contradict Deputy Durr's testimony relating to Appellee's stop for the alleged traffic violation. Thus, Durr's testimony of events leading up to the stop is "uncontradicted." *See Elias*, 339 S.W.3d at 674. If Durr's testimony is believed, it is clear from the record that he was authorized to stop Appellee for committing a traffic violation, and this would always be enough to add up to prove reasonable suspicion. *See Abney*, 394 S.W.3d at 547; *Duran*, 396 S.W.3d at 573.

The entire issue of whether there was reasonable suspicion to stop Appellee depends on the single factual issue of whether Deputy Durr did or did not see Appellee's alleged failure to signal. *See id.* at 573. That finding depends entirely upon the trial judge's credibility assessment of Deputy Durr's testimony concerning that specific fact. *See id.* In other words, the trial court's determination of whether there was reasonable suspicion to stop Appellee in this case necessarily turns on Durr's credibility and demeanor. *See id.*

Because Durr's testimony relating to the stop was "uncontradicted," we must presume that the trial court granted Appellee's motion to suppress because he disbelieved the testimony. *See Elias*, 339 S.W.3d at 674. We acknowledge that, as the State argues, the trial court may have believed Durr's testimony but granted Appellee's motion to suppress on an incorrect theory of law. But we are not permitted to assume the ruling was made on an incorrect theory of law when the trial court's ruling can be affirmed on a different theory of law applicable to the case. *See Duran*, 396 S.W.3d at 571; *Weaver*, 349 S.W.3d at 525. Accordingly, we need not address the State's arguments justifying the warrantless search of the truck. *See* TEX. R. APP. P. 47.1.

By disbelieving the uncontradicted testimony, the trial court could properly conclude that there was no reasonable suspicion to justify Appellee's stop that prompted the warrantless search and seizure. *See Duran*, 396 S.W.3d at 571, 574; *Elias*, 339 S.W.3d at 674. The trial court did not err when it granted Appellee's motion to suppress. We overrule the State's sole issue on appeal.

## DISPOSITION

Having overruled the State's sole issue, we ***affirm*** the trial court's order granting Appellee's motion to suppress.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 10, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## JULY 10, 2013

## NO. 12-12-00062-CR

**THE STATE OF TEXAS,**
Appellant
V.
**SPENCER EUGENE STOKES, JR.,**
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. A-18,703)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order granting Appellee's motion to suppress.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below granting Appellee's motion to suppress **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*