

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00749-CR

Daniel Maurice **SMALLWOOD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10-711
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 28, 2013

AFFIRMED

We withdraw our opinion and judgment of June 12, 2013, and issue this opinion and judgment in its place.

This appeal arises from Appellant Daniel Maurice Smallwood's guilty plea and conviction for the felony offense of possession of a controlled substance, hydrocodone, in an amount of four grams or more but less than 200 grams. Smallwood contends (1) the arresting officer did not have reasonable suspicion to stop his vehicle, (2) the officer detained Smallwood for a "fishing

expedition" and longer than necessary to effectuate the purpose of the traffic stop, and (3) the search and pat-down of Smallwood for weapons was illegal. We affirm the trial court's judgment.

The State contends, *inter alia*, that we should decline to address the merits of Smallwood's claim because the record did not clearly identify what the fruits of the alleged unlawful search and seizure are or whether the alleged fruits have "somehow been used" by the State. For purposes of this appeal, we will assume, without deciding, the issue was properly preserved.

### FACTUAL BACKGROUND

Smallwood was traveling on Interstate Highway 10, in Kerr County, Texas, when he was stopped by Investigator Mike Chapman for failure to signal lane change. Chapman asked Smallwood to exit his vehicle. As Chapman approached Smallwood's vehicle, he commented that the tint on the vehicle's windows was very dark. Smallwood was subsequently directed to make his way to the back of his vehicle where Chapman obtained Smallwood's driver's license and proof of insurance. After requesting Kerr County Sheriff's Dispatch run a check of Smallwood's license, a criminal history, and warrants check, Chapman asked Smallwood for permission to search his vehicle. Smallwood agreed; but prior to performing the search, Chapman conducted a weapons pat-down search of Smallwood. Chapman testified that he "[f]elt two large objects below [Appellant's] waistband that [he] recognized to be contraband." Chapman placed Smallwood under arrest and called for additional officers to make the scene. Approximately ten to twelve minutes elapsed from the time Investigator Chapman stopped Smallwood to the time Chapman conducted the pat-down search.

Smallwood was charged by indictment with the offense of possession of a controlled substance, hydrocodone, in an amount of four grams or more but less than 200 grams. Smallwood filed a motion to suppress the evidence resulting from his detention. Smallwood and Chapman testified at the hearing, and the trial court denied Smallwood's motion. Smallwood then entered a

plea of guilty and was sentenced by the trial court to three years' confinement, probated and suspended for a period of three years. Smallwood now appeals the trial court's denial of his motion to suppress.

## STANDARD OF REVIEW

"We review a trial court's denial of a motion to suppress under a bifurcated standard of review." *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013) (citing *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010)). An appellate court gives "[a]lmost total deference . . . to the trial court's implied findings, especially those based on an evaluation of witness credibility and demeanor." *Id.* (citing *Valtierra*, 310 S.W.3d at 447). When the trial court does not make findings of fact, "we 'must view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact to support its ruling as long as those findings are supported by the record.'" *Valtierra*, 310 S.W.3d at 447 (internal quotation marks omitted) (quoting *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006)).

A warrantless detention does not violate Fourth Amendment protections when justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). To detain an individual, an officer must have "specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* This objective standard "disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention." *Id.* "It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified." *Id.* (citation omitted).

## REASONABLE SUSPICION TO STOP SMALLWOOD'S VEHICLE

In his first issue, Smallwood contends the trial court erred in denying his motion to suppress because Chapman did not have reasonable suspicion to stop Smallwood's vehicle.

Smallwood contends the video recording does not begin until after Investigator Chapman is pulling over to the side of the road; and thus, the video recording does not show Smallwood changing lanes without signaling. Chapman testified that "the camera is automatic and activated by turning the headlight flashers on." The camera, therefore, would not record the failure to signal lane change.

If an officer has a reasonable basis for suspecting a person has committed a traffic violation, the officer may legally initiate a traffic stop. *Garcia v. State*, 827 S.W.2d 937, 944–45 (Tex. Crim. App. 1992); *State v. McCall*, 929 S.W.2d 601, 603 (Tex. App.—San Antonio 1996, no pet.). Reasonable suspicion is based on a review of the totality of the circumstances. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). "This standard is an objective one." *Id.* The officer's subjective intent is irrelevant; instead, there need only be "an objective basis for the stop." *Id.* The State need not show the "traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress." *Fernandez v. State*, 306 S.W.3d 354, 357 (Tex App.—Fort Worth 2010, no pet.) (quoting *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.)) (internal quotation marks omitted).

"An operator shall use the signal . . . to indicate an intention to turn, change lanes, or start from a parked position." TEX. TRANSP. CODE ANN. § 545.104 (West 2011). Investigator Chapman testified he reasonably believed Smallwood changed lanes without signaling and the trial court found that the "Defendant changed lanes without using his traffic signal." Although Chapman's testimony may have appeared to waiver regarding whether he actually told Smallwood why he was stopped, the trial court could have reasonably believed Chapman stopped Smallwood for the

stated offense. *See Lujan v. State*, 331 S.W.3d 768, 772 (Tex. Crim. App. 2011) ("[The] credibility decision [of a witness at a suppression hearing] is one for the trial court."). Because the trial court observed first-hand the witness's demeanor and appearance, we afford almost total deference to the trial court's determination of historical facts. *See State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997)).

Based on the record, the trial court could have reasonably determined Investigator Chapman legally initiated the traffic stop based on Smallwood's failure to signal a lane change. Accordingly, we overrule this issue.

## LENGTH OF DETAINMENT

Smallwood next contends the length of the traffic stop was unreasonable and unnecessary based of the stated purposes for the stop: (1) window tint too dark and (2) failure to signal a lane change.

The length of a detention may render a traffic stop unreasonable, but there is no absolute and unbending timeline which identifies when the stop became unreasonable. *United States v. Sharpe*, 470 U.S. 675, 685–86 (1985). Instead, "common sense and ordinary human experience must govern over rigid criteria." *Id.* at 685. The reasonableness of a detention depends on whether the officer "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Kothe v. State*, 152 S.W.3d 54, 64 (Tex. Crim. App. 2004) (quoting *Sharpe*, 470 U.S. at 686). "[T]he trial and appellate courts may consider legitimate law enforcement purposes served by any delay in the officer's investigation." *Belcher v. State*, 244 S.W.3d 531, 539 (Tex. App.—Fort Worth 2007, no pet.) (citing *Sharpe*, 470 U.S. at 685). "Fourth Amendment reasonableness requires a balance between the public interest served and the individual's right to be free from arbitrary detentions and intrusions." *Id.* (citing *Kothe*, 152 S.W.3d at 63).

Investigator Chapman testified that after both vehicles were on the side of the road, he asked Smallwood to exit his vehicle. Because the tint on the vehicle's windows was so dark, Chapman confirmed with Smallwood that there were no other individuals in the vehicle. Without any additional questioning by Chapman, Smallwood offered that he was traveling to Kerrville to purchase a "Dually pickup." During the hearing, Chapman described Smallwood speaking so fast that Chapman could not even ask a question.

Smallwood told Chapman that he had only been arrested for possession of drug paraphernalia. Yet, his criminal history check revealed Smallwood had a previous felony arrest for possession of marijuana. Based on Smallwood's evasive behavior and excessive nervousness, Investigator Chapman requested and received permission from Smallwood to search the vehicle. Because he did not have another officer present, and Smallwood's behavior and previous arrest, Chapman conducted a pat-down search of Smallwood prior to searching the vehicle. During the pat-down, Chapman "felt two large objects below his waistband" that he "recognized to be contraband." Smallwood was handcuffed and Chapman called for backup. Ten to twelve minutes elapsed between the initial stop and the pat-down. There is no evidence the stop lasted any longer than was necessary for Investigator Chapman to run checks on Smallwood's license, as well as warrant and criminal background checks. *See Kothe*, 152 S.W.3d at 64.

Based on the evidence before it, the trial court could have reasonably concluded that Smallwood's detention was not unreasonably delayed. *See id.* at 58, 66 (upholding other three to twelve minute detentions pending results of routine computer driver's license check). We, therefore, overrule Smallwood's second issue.

### OFFICER'S PAT-DOWN SEARCH OF SMALLWOOD

Finally, Smallwood asserts that Chapman's contention that Smallwood appeared nervous was insufficient to warrant the officer's pat-down search of Smallwood.

Even in the absence of probable cause, an officer is permitted to conduct a limited search of a suspect's outer clothing to locate weapons based on reasonable beliefs that the suspect is armed and dangerous to the officer or others in the area. *See Carmouche v. State*, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000); *Thomas v. State*, 297 S.W.3d 458, 462 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). "To support a protective frisk or detention, there must be facts that, when reviewed under an objective standard, would cause a reasonably cautious person to believe that the action taken was reasonable or that the person frisked was presently armed and dangerous." *State v. Sheppard*, 271 S.W.3d 281, 287–88 (Tex. Crim. App. 2008) (quoting *State v. Sheppard*, Nos. 12-06-00259-CR, 12-06-00260-CR, 2007 WL 1241511, at *3 (Tex. App.—Tyler 2007), *rev'd on other grounds*, 271 S.W.3d 281 (Tex. Crim. App. 2008) (citing *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000)). "A pat-down search is substantially less intrusive than a standard search requiring probable cause." *O'Hara*, 27 S.W.3d at 550–51.

The pat-down search took place on the side of the highway and Investigator Chapman provided several examples of Smallwood's extreme nervousness and evading stance that raised his level of suspicion. *See Lambeth v. State*, 221 S.W.3d 831, 836, 840 (Tex. App.—Fort Worth 2007, pet. ref'd) (allowing an officer conducting traffic violation stop to "determine whether the driver has any outstanding warrants, conduct a pat down search of the driver for weapons, and request the driver's consent to search his vehicle" (citations omitted)); *Stoker v. State*, 170 S.W.3d 807, 813 (Tex. App.—Tyler 2005, no pet.) (holding a pat-down search was reasonable due to "Appellant's nervousness, previous criminal history, and [the officer's] belief that something illegal might be on Appellant's person"). Chapman testified Smallwood "exited the vehicle, did not close the door in the lane of traffic, and would not turn around and speak directly to me, but just started talking about the purpose of his trip before he was ever asked." Additionally, Chapman knew Smallwood had previously been arrested for felony possession of marijuana and he was the

only officer at the scene. Smallwood provided consent to search his vehicle, and at some point during that search, Chapman would inevitably have to turn his back on Smallwood.

Viewed objectively, we conclude that the facts as they existed at the time of the incident would warrant a reasonably cautious person to believe Investigator Chapman's protective search was appropriate. *See Sheppard*, 271 S.W.3d at 387–88. We overrule Smallwood's last issue.

## CONCLUSION

Based on our review of the totality of the circumstances, we conclude the testimony justified the initial stop of Smallwood's vehicle. The evidence elicited during his preliminary investigation further justified Investigator Chapman's suspicion of criminal activity and his reason for conducting a pat-down search. Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH