

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00149-CR

JARRED ALFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2011-464,220, Honorable Mark Hocker, Presiding

July 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury found appellant Jarred Alford guilty of driving while intoxicated[1] and the trial court assessed punishment at confinement in the county jail for 120 days, suspended for twelve months. Through one issue, appellant challenges the trial court's denial of his pre-trial motion to suppress. We will overrule appellant's issue and affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a), (b) (West Supp. 2014).

## Background

The Texas Department of Public Safety trooper was the only witness at the hearing on the motion to suppress. He testified he was on patrol in the early morning hours and pulled his vehicle to a stop at a red traffic signal in Lubbock County. When the light turned green, he accelerated away from the intersection to approximately fifty miles per hour. The speed limit on the two-lane highway was sixty-five miles an hour. As he picked up speed, the trooper saw the headlights of a vehicle overtaking him from the rear. Appellant was the operator of the vehicle.

Although there was no oncoming traffic, appellant did not attempt to pass. Rather he pulled in behind the trooper and followed the patrol car for about a quarter mile. The trooper said appellant's vehicle was so close to his that he could not see out his rearview mirror because of the glare from appellant's headlights. In the trooper's opinion, appellant was following him so closely that had a road condition required "evasive action," the vehicles would have collided. Concerned at the risk of a collision, the trooper pulled onto the shoulder and appellant drove past in the same lane. The trooper activated his vehicle's emergency lights to initiate a traffic stop and, when appellant did not promptly stop, activated his siren.

After the vehicles stopped, the trooper spoke with appellant to advise him he was following the patrol car too closely. After an investigation, the trooper arrested appellant for driving while intoxicated. He was charged by information with that offense. Appellant's motion to suppress evidence of the traffic stop was overruled and the case proceeded to trial with the stated outcome. This appeal followed.

Analysis

Through his sole issue, appellant contends the trial court abused its discretion by denying his motion to suppress evidence of the traffic stop.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing *de novo* the court's application of the law. *Wiede v. State,* 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *Maxwell v. State,* 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Guzman v. State,* 955 S.W.2d 85, 87-90 (Tex. Crim. App. 1997).

When as here the trial court makes findings of fact and conclusions of law with its ruling on a motion to suppress, an appellate court does not engage in its own factual review, but determines only whether the record supports the trial court's fact findings. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Unless the trial court abused its discretion by making a finding not supported by the record, a reviewing court will defer to the trial court's fact findings and not disturb the findings on appeal. *Cantu v. State,* 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). A reviewing court addresses only the question of whether the trial court properly applied the law to the facts. *Romero,* 800 S.W.2d at 543.

A police officer lawfully may temporarily detain an individual when he has a reasonable suspicion the individual is violating the law, that is, when the officer has specific, articulable facts that, combined with rational inferences from the facts, would lead to a reasonable conclusion that a particular person is, has been, or soon will be

3

engaged in criminal activity. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). It is a wholly objective standard that disregards the officer's subjective intent, and depends on the totality of the circumstances. *Id.* at 492-93. Police officers may justifiably draw inferences from visual observations based on their experiences in law enforcement. *Bass v. State,* 64 S.W.3d 646, 650 (Tex. App.—Texarkana 2001, pet. refused).

"An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." TEX. TRANSP. CODE ANN. § 545.062(a) (West 2011). "An operator may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." TEX. TRANSP. CODE ANN. § 545.363(a) (West 2011).

Appellant's issue contains two arguments. First, that law enforcement cannot violate the traffic laws and create reasonable suspicion for a traffic stop, and second that the conduct of appellant did not create reasonable suspicion for a traffic stop because he was reacting to the trooper's "clearly illegal and irregular driving."

The thrust of appellant's first argument is the trooper deliberately violated Transportation Code section 545.363(a) and created a "rolling roadblock"[2] in an attempt

---

[2] Appellant does not elaborate on the meaning of this term. According to the Fourth Circuit, "[a] rolling roadblock is a procedure whereby a police vehicle takes up a position in front of, traveling in the same direction and at roughly the same speed as,

4

to bait him into a traffic violation. He asserts the trooper's suspicion was "manufactured." We will not consider what effect such deliberate conduct, if proven, might have on a determination of reasonable suspicion[3] because in this case appellant's theory of the evidence finds no support in the trial court's findings and conclusions, or in the evidence adduced at the hearing.

Keeping in mind the deferential nature of our review of the trial court's fact-finding, *Cantu,* 817 S.W.2d at 77, we note that the trial court found credible the testimony of the trooper, the only witness at the hearing on appellant's motion. The court made no findings supportive of appellant's theory the trooper deliberately impeded his vehicle's progress down the highway. To the contrary, the court found that appellant easily could have passed the trooper's patrol car, but never made an attempt to do so until the trooper pulled to the side. The court's findings are supported by the evidence. The testimony contains no suggestion of an intention on the trooper's part to impede appellant's progress.

Nor does the evidence demonstrate the officer violated section 545.363(a). "Slow driving, in and of itself, is not a violation of the statute; a violation only occurs when the normal and reasonable movement of traffic is impeded*." Tex. Dep't of Pub.*

---

the pursued vehicle. The police vehicle then occupies both lanes of the road, attempting to force the fleeing car to slow down and eventually stop." *Carter v. Lucas,* No. 93-1804, 1994 U.S. App. Lexis 18235, at *5 (4th Cir. July 20, 1994) (per curiam).

[3] Appellant argues the trooper's conduct is analogous to situations in which officers create an exigent circumstance and then rely on the exigency to support a warrantless search. *See, e.g.*, *Blevins v. State,* 74 S.W.3d 125, 134 (Tex. App.—Fort Worth 2002) (Dauphinot, J., dissenting) (citing *United States v. Webster,* 750 F.2d 307, 327 (5th Cir. 1984)). We express no opinion on the efficacy of the analogy.

5

*Safety v. Gonzales,* 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.). In *Richardson v. State,* 39 S.W.3d 634 (Tex. App.—Amarillo 2000, no pet.)*,* we found the evidence insufficient to support a reasonable suspicion that the defendant was impeding traffic in violation of section 545.363(a). We noted the defendant was driving forty-five miles per hour in the right-hand lane and slowly increased his speed to fifty-seven miles per hour when a trooper pulled behind him; only one vehicle passed the defendant; and there were no vehicles behind the defendant waiting to pass. 39 S.W.3d at 636-39.

In the present case, the trooper pulled away from a stoplight eventually reaching a speed of about fifty miles per hour. At about the same time, appellant quickly approached from the rear. No evidence shows any other traffic on the road at the time. Under those circumstances, rather than passing the trooper, appellant followed the trooper for a quarter mile so closely that the trooper could not use his rearview mirror and was concerned over the prospect of a collision. These facts present no evidence the trooper was impeding the normal and reasonable movement of traffic in violation of section 545.363(a).

By his second argument appellant urges his reaction to the trooper's driving was not so unusual as to give rise to a reasonable suspicion that crime was afoot. The trooper's testimony citing the close proximity of appellant's pickup to the trooper's patrol car, the vehicles' relative speeds, and the safety concerns raised in the trooper's mind, causing the trooper to pull to the shoulder, articulated facts giving the trooper a reasonable suspicion appellant's actions were violative of section 545.062(a). That appellant kept his vehicle in that position unnecessarily for some distance further bolsters the reasonableness of the trooper's suspicion. Based on the record and the

6

trial court's findings, the trooper possessed reasonable suspicion to believe appellant was not maintaining the "assured clear distance" between vehicles required by section 545.062(a).  *See Stoker v. State,* 170 S.W.3d 807, 812-13 (Tex. App.—Tyler 2005, no pet.) (affirming finding of reasonable suspicion of violation of section 545.062 from officer's testimony he saw defendant's vehicle "right up on another" while "traveling at a high rate of speed" such that defendant could not have safely stopped his vehicle, distinguishing *Ford,* 158 S.W.3d 488).  He was therefore justified in initiating a traffic stop.

Conclusion

We overrule appellant's sole issue and affirm the judgment of the trial court.



James T. Campbell<br>Justice


Do not publish.