# NO. 12-17-00383-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENATHEL J. MCLEMORE,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Benathel J. McLemore appeals his conviction for possession of a controlled substance with intent to deliver. He presents two issues on appeal. We modify and affirm as modified.

## BACKGROUND

On June 27, 2012, Appellant was pulled over on Interstate 20 near Canton, Texas, for following the vehicle in front of him too closely. While stopped by police, Appellant consented to a search of his vehicle. During the search, the officer found two socks filled with what appeared to be prescription medication. Appellant was arrested and charged by indictment with possession of a controlled substance, penalty grade three, with intent to deliver. The indictment alleged Appellant possessed 400 grams or more of a substance that contained no more than 15 milligrams of Dihydrocodeinone per dosage unit.

Appellant filed an unsworn affidavit of indigence, which was uncontested. The trial court found him indigent with the ability of reimbursement and appointed him counsel. Prior to trial, Appellant filed a motion to suppress arguing that there was no reasonable suspicion for the traffic stop that resulted in his arrest. Following a hearing, the trial court took the matter under advisement and later denied the motion in a written order. Appellant pleaded "guilty" to the possession charge without an agreement on punishment. After a punishment hearing, the trial

court sentenced Appellant to twenty years imprisonment and ordered Appellant to pay court costs, restitution, and attorney's fees. This appeal followed.

## MOTION TO SUPPRESS

In his first issue, Appellant contends the trial court abused its discretion when it denied his motion to suppress. He argues the police officer did not have specific, articulable facts by which to initiate a traffic stop.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When ruling on a motion to suppress evidence, the trial court is the exclusive trier of fact and judge of the witnesses' credibility. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Moreover, if the trial judge makes express findings of fact, we view the evidence in the light most favorable to the trial judge's ruling and determine whether the evidence supports those factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When there is not an express finding on an issue, we infer implicit findings of fact that support the trial court's ruling as long as those findings are supported by the record. *See id*.

The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We review the trial court's legal conclusions de novo and uphold the ruling so long as it is supported by the record and correct under any legal theory applicable to the case. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *Banda v. State*, 317 S.W.3d 903, 907–08 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

**Applicable Law**

To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007); *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). A defendant can satisfy this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672.

The burden then shifts to the State to establish that the seizure was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An objective standard is used when determining if the officer had a reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This standard is whether the officer has "specific, articulable facts that, combined with rational inferences from those facts, would lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* This test also includes the totality of the circumstances. *Id.*

A police officer may stop and detain a motorist who commits a traffic violation within the officer's view. *See Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford*, 158 S.W.3d at 492. Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416–17, 110 L. Ed. 2d 301 (1990); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

The Texas Transportation Code prescribes safe following distances. An operator who is following another vehicle must maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the roadway. TEX. TRANSP. CODE ANN. § 545.062(a) (West Supp. 2017).

**Discussion**

At the suppression hearing, Officer Brandon Burton of the Smith County Sheriff's Office, who was employed by Canton Police Department on the date of the offense, testified to the following:

> I was on the interstate running traffic. A vehicle came beside me. I was on the – facing the eastbound side of traffic. The vehicle come in the left lane following another vehicle too closely. I moved out to make contact with him and conduct a traffic stop.

Officer Burton further testified that he was sitting stationary at the time he observed the traffic violation. According to the officer, Appellant was following the vehicle so closely that the officer would not be able to safely make a lane change between the two vehicles. Officer Burton stated that he was not able to record Appellant's speed; however, the vehicle in front of him was traveling seventy miles per hour, which is below the posted speed limit of seventy-five miles per hour. After he observed Appellant's vehicle, Officer Burton pulled onto the interstate to initiate a traffic stop. Officer Burton testified that he pulled up next to Appellant's vehicle. After he confirmed that it was the vehicle he had seen following too closely, Officer Burton moved behind the vehicle and activated his patrol lights.[1] Officer Burton testified that he did not believe that Appellant was "assuring a clear distance between himself and the vehicle in front of him, considering the speed he was traveling, the amount of traffic on the roadway, and the conditions that day to be able to stop without colliding with the car in front of him and/or having to divert his direction of traffic into another lane."

The trial court denied the motion to suppress and found that Appellant was stopped and detained "for violation of Texas Transportation Code 545.062, following distance." The order cites to Officer Burton's report that states Appellant was "following a vehicle . . . to[o] closely." Furthermore, the order summarizes Officer Burton's testimony at the hearing. The court also found that "Officer Burton had specific, articulable facts that, when combined with rational inferences from those facts, led him to reasonably conclude that [Appellant] was actually engaged in criminal activity, namely violation of Texas Transportation Code 545.062, following distance."

On appeal, Appellant argues that Officer Burton's report is conclusory in its statement that Appellant was following too closely and, therefore, the stop is unsupported by specific, articulable facts. It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop and a violation of section 545.062 constitutes a traffic violation. *Stoker v. State*, 170 S.W.3d 807, 812 (Tex. App.—Tyler 2005, no pet.). The Court of Criminal Appeals has held that

---

[1] Officer Burton testified that his dash camera turned on once he activated his lights. As a result, the video did not record the events leading up to the traffic stop.

"following too close," without more, is merely a conclusory statement that an appellant violated a traffic law. *See Ford*, 158 S.W.3d at 493. In *Ford*, the court noted that the only evidence presented by the officer who initiated the stop was that the vehicle was "following too close behind." *Id.* The court held that this testimony was conclusory and insufficient to allow an appellate court to determine the circumstances upon which the officer could reasonably conclude the defendant was, had been, or soon would have been engaged in criminal activity. *Id.* The court further stated that mere opinions are ineffective substitutes for specific, articulable facts in a reasonable suspicion analysis. *Id.*

Unlike in *Ford*, the present case is not one in which the State offered no other testimony regarding Appellant's driving. Rather, as previously discussed, Officer Burton not only testified to seeing Appellant traveling too closely to the vehicle in front of him, but he explained that Appellant was so close to the other vehicle that Burton could not safely change lanes between the vehicles and that, under the circumstances, Appellant was not assuring a sufficient distance to avoid a collision or a diversion into the other lane. Burton further testified that the speed of the vehicle Appellant was following was seventy miles per hour on the interstate. Later, he testified that there was less than one car length between the two vehicles. Further, unlike in *Ford*, Appellant argued at the suppression hearing that Section 545.062(a) was not violated. Moreover, the record demonstrates that Appellant's counsel sought to establish that Officer Burton offered a conclusory opinion that Appellant violated the statute. Specifically, Appellant's counsel pointed out during cross-examination that Officer Burton's offense report failed to reference specific facts such as traffic conditions, weather conditions and the distance between the two vehicles.

Though not contained in his report, and unlike the conclusory evidence offered in *Ford*, Officer Burton's testimony at the suppression hearing establishes the basis for his belief that Appellant followed the vehicle in front of him too closely. Accordingly, the record in this case reveals objective, specific, articulable facts that support Officer Burton's conclusion that Appellant committed a traffic violation. *See Stoker*, 170 S.W.3d at 813; *see also* TEX. TRANSP. CODE ANN. § 545.062(a). As a result, the trial court did not abuse its discretion in denying Appellant's motion to suppress. We overrule Appellant's first issue.

5

## COURT APPOINTED ATTORNEY'S FEES

In his second issue, Appellant argues that the trial court erred in assessing attorney's fees against him. He maintains that he was determined to be indigent and has remained indigent throughout the proceedings against him. Therefore, Appellant contends the trial court erred in ordering him to pay, as costs, $3,847.20 for his court appointed attorney.

The judgment in this case includes a provision that orders appellant to reimburse the State for the costs of his appointed trial counsel. Appellant argues that the trial court erred by ordering this reimbursement because he is indigent and because there is no evidence showing that he has the financial resources or ability to pay for his appointed counsel. The State concedes that the trial court did not properly weigh Appellant's financial status when finding him indigent with the ability of reimbursement.

The trial court has the authority to order the reimbursement of appointed attorney's fees "if the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided." *See* TEX. CODE CRIM. PROC. art. 26.05(g) (West Supp. 2017). "The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We review the evidence in the light most favorable to the judgment when deciding whether the record contains legally sufficient evidence to support these elements. *Id.* at 557. Absent sufficient evidence, the defendant may not be ordered to pay attorney's fees. *See West v. State*, 474 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

On August 29, 2013, the trial court in this case determined that appellant was indigent and appointed an attorney to represent him, but ordered him to pay $50 per month to reimburse the county for his court appointed attorney. The judgment of conviction is dated November 30, 2017. We have reviewed the record and found no evidence of a material change in appellant's financial circumstances. Accordingly, we conclude that the evidence is insufficient to support a finding that Appellant must pay $3,847.20 to reimburse the cost of the legal services provided to him. *See Mayer*, 309 S.W.3d at 556; *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2017). When insufficient evidence supports a trial court's ordering of reimbursement of attorney's fees, the proper appellate remedy is to reform the trial court's judgment by deleting the fees

assessed. *See **Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We sustain Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first issue but sustained his second issue, we *modify* the trial court's judgment to delete the imposition of attorney's fees. We *affirm as modified*.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 19, 2018

NO. 12-17-00383-CR

**BENATHEL J. MCLEMORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR13-00157)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of this Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the imposition of attorney's fees **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*